**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JOHN MCELROY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 08-4041-RDR |
| | ) |
| SIMON PROPERTY GROUP, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| _____ | ) |

**APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION**

Plaintiff, John McElroy, an individual by and through his counsel Thomas D. Haney and Kana R. Lydick of Henson, Clark, Hutton, Mudrick & Gragson, LLP, pursuant to Rule 65 of the Federal Rules of Civil Procedure, hereby moves the Court to enter the Temporary Restraining Order (TRO) and to set a hearing for a preliminary injunction in this matter. This TRO and preliminary injunction relief is necessary to prevent Defendant Simon Property Group, Inc., and its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation therewith from preventing or attempting to prevent Plaintiff John McElroy from participating fully and shopping in Westridge Mall, or otherwise enjoying the use of Westridge Mall.

This Motion is based on the Verified Complaint and attached exhibits, the Affidavits of John McElroy and Anthony A. Fadale (attached hereto as Exhibits A and B), and the following statements and authorities:

1. Pursuant to §42 U.S.C. 12101, *et seq.*, Plaintiff has filed a Verified Complaint against Defendant, including allegations of a violation of the public accommodation requirements of the Americans with Disabilities Act (ADA). As more fully set forth in the Verified Complaint:

   A. Plaintiff has a serious disability which limits his mobility. Plaintiff cannot walk more than a short distance without an assistive transportation device. Plaintiff has a disability that clearly merits the application of the ADA. (See affidavit of John McElroy, attached hereto as Exhibit A).

   B. Plaintiff uses a two-wheeled mobility device called a Segway as an assistive transportation device rather than a traditional wheelchair. The Segway allows him to remain vertical, rather than sitting, which has multiple benefits for his health and well-being. (Exhibit A).

   C. The Westridge Mall, has refused and continues to refuse to allow Plaintiff access to using his Segway without his execution of an Automatic Balancing Wheeled Conveyance Registration Form, despite the fact that Defendant's personnel have been informed that he is disabled and does not have a motorized wheelchair. (Exhibit A).

   D. Plaintiff, if compelled to use an electric wheelchair or scooter, would have limited line of sight and such would be more difficult and expensive to transport and use. Use of a Segway while standing improves Plaintiff's circulation and mobility.

   E. Plaintiff has been permitted by the Kansas Department of Administration to use his Segway for a mode of transportation within the common areas of the

>greater Capitol Complex area as a reasonable accommodation. (See affidavit of Anthony A. Fadale, attached hereto as Exhibit B). The common areas of the greater Capitol Complex includes inside areas like hallways and offices as well as outside areas including sidewalks.

2. The ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to); or operates a place of public accommodation." 42 USC §12182(a).

3. A shopping center such as Westridge Mall is a place of public accommodation subject to the ADA. 42 USC §12182(7)(E).

4. To obtain a preliminary injunction, a plaintiff must show that (1) the plaintiff will suffer irreparable injury unless an injunction is granted; (2) the threatened injury outweighs any damage the injunction might cause the defendants; (3) issuance of the injunction will not be adverse to the public interests; and (4) a substantial likelihood exists that plaintiff will prevail on the merits. *Winnebago Tribe of Nebraska v. Stovall*, F.Supp.2d 1226, 1231 (D.Kan. 2002). The decision to grant a preliminary injunction rests in the sound discretion of the trial court. *Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc.*, 805 F.2d 351, 354 (10th Cir. 1986).

5. "If the moving party satisfies the first three elements, the standard for meeting the fourth requirement . . . generally becomes more lenient and the movant need only show that the issues are so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation." *Stovall*, 216 F.Supp.2d at 1231. A preliminary injunction is intended to return the parties to their respective positions prior to the defendant's actions. *Id*. Moreover, the requirements for obtaining

a preliminary injunction are essentially the same for obtaining a temporary restraining order. *Prairie Band of Potawatomi Indians v. Pierce*, 75 F.Supp.2d 1186, 1187-88 (D.Kan. 1999).

6. Plaintiff can satisfy each of the requirements to attain a preliminary injunction and a temporary restraining order. First, Plaintiff will suffer irreparable injury unless an injunction is granted. Plaintiff has been and will continue to be discriminated on the basis of his disability by Defendant, and Defendant should be prevented from this type of treatment during the litigation of this action. There is little to no harm in permitting Plaintiff to use his personal Segway device during this litigation, and certainly the slight chance of any harm to Defendant is far outweighed by the harm done by Defendant in discriminating against Plaintiff.

7. Second, Plaintiff is being discriminated against on the basis of his disability and the injury of his continued discrimination outweighs any damage an injunction might cause Defendant. Although, Plaintiff certainly does not concede that an injunction might cause Defendant any injury. There is really no risk of injury to Defendant in permitting Plaintiff to use his Segway in the Westridge Mall shopping center other than the remote risk that by allowing Plaintiff to use his Segway all visitors to the shopping center will then determine they would like to use a Segway. Further, Defendant would be justified in not permitting every visitor to its shopping center to use a Segway, but would only need to allow those individuals with disabilities access to its shopping center so that they can equally enjoy the shopping center to those individuals without disabilities.

8. Third, the issuance of a preliminary injunction would not be adverse to the public interest, but in fact would promote the public interest. Discrimination against those individuals with disabilities does not further the public interest but is against public interest. The ADA was enacted to prevent this type of discriminating policies which Defendant has put in place, and it would be in

the interest of the public if Defendant is prevented from enforcing this type of policy.

9. Finally, there is a substantial likelihood that Plaintiff will prevail on his claim. Having demonstrated that he meets the first three requirements for a preliminary injunction, the standard for this requirement generally become more lenient. However, that is not to say that it is not clear that there is not a substantial likelihood that Plaintiff will prevail on his claim. Defendant is required to provide and allow reasonable accommodations to those disabled individuals on its premises. Plaintiff needs his Segway to shop at Defendant's shopping center, and has been prevented from using it for no valid reason. There is no risk to Defendant or to other individuals in the shopping center in permitting Plaintiff to use his Segway.

10. Both the United States Department of Transportation and the United States Department of the Interior, National Park Service, have analyzed the requirements of the ADA of public accommodation of the use of Segways by disabled individuals and have created policies which they believe comply with those requirements. The Department of Transportation completed two studies to investigate the operation of Segways by both novice and experienced riders in determining what policy to adopt relating to the use of Segways by disabled individuals. The Department of Transportation determined that a Segway, when used by a person with a disability as a mobility device, is part of a class of mobility aids that the ADA intends will be accommodated. (Exhibit C). It also has stated that "when a [Segway] device is being used as a mobility device by a person with a mobility-related disability, then the transportation provider must permit the person and his or her device onto the vehicle." (Exhibit C). Admittedly, they do not extend this policy to situations where it may pose a threat to the safety of others, and neither is Plaintiff suggesting that be permitted in this matter.

11.     The National Park Service has not adopted a service wide position on allowing or disallowing Segways when used by individuals with disabilities as their mobility aid.  However, it did state that it believes there are places where Segways should be allowed, and that there may be places where, due to safety issues or resource management issues, they should not be allowed. (Exhibit D).  Certainly there are more risks in allowing Segways to be used at national parks than there are at a shopping center yet the National Park Service has clearly stated that they should be permitted unless there is some additional risk to safety due to a specific park's circumstances. Moreover, if a park determines it can accommodate a disabled person using a Segway as a mobility device then it *must* do so, and if it determines it cannot then it must state in writing the reasons for that determination.(emphasis added) (Exhibit D).

12.     The facts giving rise to this lawsuit establish that Plaintiff is entitled a TRO and a preliminary injunction preventing Defendant from continuing to refuse to allow Plaintiff to use his Segway at Westridge Mall.

13.     Counsel for Plaintiff will promptly serve a copy of this Motion, the Verified Complaint, and attached exhibits on Defendant at its local place of business and through its registered agent.

14.     An immediate hearing on Plaintiff's Motion is crucial in order to prevent further harm to Plaintiff as a result of the continuing violation of his rights to public accommodation under the ADA.

15.     A proposed Temporary Restraining Order and Preliminary Injunction is attached hereto as Exhibit E.

WHEREFORE, Plaintiff John McElroy respectfully requests that this Court grant a

temporary restraining order and preliminary injunction enjoining Defendant, its employees, agents, assigns and successors, and all persons in active concert or participation with it, from exercising a policy or procedure that prohibits Plaintiff from using his assistive transportation device to access the Westridge Mall premises, and encouraging others, including the mall tenants, to do so directly or indirectly in addition to such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Thomas D. Haney
Thomas D. Haney, #07685
Kana R. Lydick, #23223
Henson, Clark, Hutton,
 Mudrick & Gragson, LLP
100 SE 9th St., 2nd Floor
PO Box 3555
Topeka, KS 66601-3555
(785) 232-2200;(785)232-3344 (fax)
*Attorneys for Plaintiff*